1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| ANTONIO P. PALOMINOS, | Case No.: 1:14-cv-00759-JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SECOND AND SUCCESSIVE |
| v. | |
| ROY E. BARNES, Warden, | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN 21 DAYS |
| Defendant. | ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on May 14, 2014 in the Northern District of California and transferred to this Court on May 20, 2014.  (Docs.  1, 3, & 4).  In the course of conducting a preliminary screening of the petition, it has come to the Court's attention that Petitioner has previously filed at least two prior federal habeas petitions challenging this same conviction.

A review of the Court's own docket reflects that Petitioner has previously filed a federal petition in this Court in case no. 1:09-cv-01682-AWI-BAM ("09-01682"), challenging the same conviction that is challenged in the instant petition, i.e., Petitioner's 2007 conviction in the Madera County Superior Court for five counts of second degree murder and gross vehicular manslaughter

while intoxicated and his subsequent sentence of seventy-nine-year-to-life, in case no. MCR025574. In that case, Petitioner raised the following issues: (1) sufficiency of the evidence of implied malice; and (2) improper hypothetical question posed to expert.  The Magistrate Judge issued Findings and Recommendations on January 27, 2012 to deny the petition on its merits.  (Doc. 25 to case no. 09-01682).  The District Judge adopted the Findings and Recommendations and entered judgment on April 24, 2012. (Doc. 33 to case no. 09-01682).  Thereafter, Petitioner appealed his case to the Ninth Circuit, which, on June 27, 2012, denied Petitioner's request for issuance of a certificate of appealability.  (Doc. 39 to case no. 09-01682).

Subsequently, Petitioner filed another federal habeas corpus petition in this Court in case no. 1:13-cv-01796-AWI-JLT, challenging the identical conviction.  In that case, Petitioner raised grounds of an illegal sentence, ineffective assistance of trial counsel.  (Doc. 1 to case no. 1:13-cv-01796-AWI-JLT, pp. 3-4).  On November 13, 2013, the Court issued Findings and Recommendations to dismiss the petition as successive (Doc. 10), and on April 4, 2014, the District Judge adopted the Magistrate Judge's Findings and Recommendations, entered judgment, and dismissed the case.  (Docs. 16 & 17 to case no 1:13-cv-01796-AWI-JLT.).

The instant petition, as with the petition immediately preceding it, raises issues of ineffective assistance of trial counsel and an illegal sentence.  Indeed, it appears that the instant petition is virtually identical to the one filed in case no. 1:13-cv-01796-AWI-JLT.

## **DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth

1    Circuit.  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

2    section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

3    order authorizing the district court to consider the application."   In other words, Petitioner must obtain

4    leave from the Ninth Circuit before he can file a second or successive petition in district court.  <u>See</u>

5    <u>Felker v. Turpin</u>, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive

6    petition unless the Court of Appeals has given Petitioner leave to file the petition because a district

7    court lacks subject-matter jurisdiction over a second or successive petition.  <u>Pratt v. United States</u>, 129

8    F.3d 54, 57 (1st Cir. 1997); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1277 (9th Cir. 1997), <i>cert. denied</i>,

9    117 S.Ct. 794 (1997);  <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996).

10          Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism

11   and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  <u>Lindh v.</u>

12   <u>Murphy</u>, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from

13   the Ninth Circuit to file this successive petition attacking his conviction.  That being so, this Court has

14   no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254

15   and must dismiss the petition.  <u>See</u> <u>Greenawalt</u>, 105 F.3d at 1277; <u>Nunez</u>, 96 F.3d at 991.  If Petitioner

16   desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so

17   with the Ninth Circuit.  <u>See</u> 28 U.S.C. § 2244 (b)(3).

18          The Court further notes that, in both case no. 1:13-cv-01796-AWI-JLT and the instant case,

19   Petitioner indicated on the form petition that he had not filed any other proceeding in any court

20   regarding this conviction apart from his direct appeal.  **<u>Petitioner has signed both petitions under</u>**

21   **<u>penalty of perjury despite that his statements are not truthful.</u>**

22          Moreover, Petitioner apparently believes that he can simply continue to serially file petitions in

23   this Court challenging the same convictions and raising the same issues and that, eventually, he will be

24   heard; Petitioner is mistaken.  ***This Court conducts a rigorous review***, via computers and databases, of

25   each new petition that is filed in order to determine if the petition is successive.  If Petitioner continues

26   to file successive petitions in this Court, this Court will continue to issue dismissals for the simple

27   reasons that, as discussed above, **this Court has no jurisdiction to hear a successive petition**.  If

28   Petitioner wishes to pursue these claims, he **<u>must</u>** first get permission from the Ninth Circuit.

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as a second and successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 22, 2014**                              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

4